IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MATTHEW LEAL, §
 §
　Plaintiff, §
 §
v. §
 § Civil Action No. 3:16-CV-03274-N
ALL-CITY TRAILER REPAIR, L.P. §
f/k/a ALL-CITY TRAILER REPAIR, §
INC., *et al.*, §
 §
　Defendants. §

# MEMORANDUM OPINION AND ORDER

This Order addresses Plaintiff Matthew Leal's motion for reconsideration [50]. For the reasons set forth below, the Court grants the motion in part.

## I. ORIGINS OF THE DISPUTE

This case arises from Defendants All-City Trailer Repair, L.P. f/k/a All-City Trailer Repair, Inc., Linda Klepchick, Eric Criswell, and Tonya Johnson's (collectively, "All-City") alleged failure to compensate Leal for overtime hours worked. On November 22, 2016, Leal filed suit against All-City for violations of the Fair Labor Standards Act ("FLSA") based on allegations of unpaid overtime pay. On July 21, 2017, the parties settled Leal's wage claims at mediation. As part of their settlement, the parties agreed to submit the issue of attorneys' fees to the Court for determination. Leal moved for an award of $42,146.00 in fees and $1,397.50 in costs [33]. Leal is represented by Lee & Braziel, L.L.P. Three attorneys

worked on his case: J. Derek Braziel, Jay Forester, and Travis Gasper. The Court granted Leal's motion at a reduced amount of $7,000.00 in fees, and $0.00 in costs [49]. Now before the Court is Leal's motion for reconsideration [50].

## II. LEGAL STANDARD

### A. Standard on Reconsideration

"Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *see also Southern Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993) (stating Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment."). A party may not use a Rule 59(e) motion "'to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (quoting 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1, 127–28 (2d ed. 1995)). A Rule 59(e) "motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Instead, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations omitted).

A motion to alter or amend a judgment "must clearly establish either manifest error of law or fact or must present newly discovered evidence and cannot raise issues that could

and should have been made before the judgment issued." *Homoki v. Conversion Servs., Inc.*, 717 F.3d 388, 404 (5th Cir. 2013) (internal quotation marks omitted). Although a district court has considerable discretion in determining whether to reopen a judgment, it must do so while striking a balance between (1) the need to bring litigation to an end; and (2) the need to render just decisions on the basis of all the facts. *Templet*, 367 F.3d at 479. "[T]he standards applicable to Rule 59(e) . . . favor the denial of motions to alter or amend a judgment." *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

### B. Standard for Attorneys' Fees

To determine a "reasonable" fee award, courts first calculate a "lodestar" amount by multiplying a reasonable billing rate by the number of hours reasonably spent litigating the successful claim. *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 284 (5th Cir. 2008); *see also Perdue v. Kenny A. ex rel Winn*, 559 U.S. 542, 551–52 (2010). This calculation, however, excludes hours spent on "excessive, redundant, or otherwise unnecessary work" and on nonprevailing claims unrelated to successful claims. *Hensley v. Eckerhart*, 461 U.S. 424, 434–35 (1983).

The court may then increase or decrease the lodestar amount based on the "*Johnson* factors":

    (1) the time and labor required to litigate the case,
    (2) the novelty and difficulty of the questions involved,
    (3) the skill required to perform the legal services properly,
    (4) whether taking the case precluded the attorney from other employment,
    (5) the customary fee for similar work in the community,
    (6) whether the fee is fixed or contingent,
    (7) time limitations imposed by the client or the circumstances,
    (8) the amount involved and the results obtained,

      (9) the experience, reputation, and ability of the attorneys,
      (10) the "undesirability" of the case,
      (11) the nature and length of the attorney-client relationship, and
      (12) awards made in similar cases.

*Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). However, the lodestar calculation necessarily "subsumes" some *Johnson* factors, s*ee Hensley*, 461 U.S. at 434 n.9, and the Court may not take into account such "subsumed" factors when considering whether to enhance the lodestar under the *Johnson* factors, *Perdue*, 559 U.S. at 553. The fee applicant has the burden to demonstrate the amount of attorneys' fees and any upward adjustment or enhancement under the *Johnson* factors. *See, e.g.*, *Blum v. Stenson*, 465 U.S. 886, 901–02 (1984).

### III. THE COURT GRANTS RECONSIDERATION IN PART, AND AWARDS ATTORNEYS' FEES AT A REDUCED AMOUNT

Leal first argues that the Court committed a manifest error of law by failing to calculate a lodestar before awarding $7,000.00 in fees to Leal. The Court agrees that it would have been better if the Court had "shown its work," and now discloses a lodestar amount of $11,882.73. Leal also argues that the Court committed a manifest error of fact by concluding that Leal's counsel recovered $3,500.00 in fees in the settlement agreement, and a manifest error of law by failing to award Leal costs. The Court disagrees, and additionally holds that the relevant *Johnson* factors support decreasing the lodestar amount to a final award of $7,000.00 in fees, and $0.00 in costs.

### A. The Court's Lodestar Amount

*1. Reasonable Rate.* – An appropriate hourly rate should be based on "the prevailing rate to be paid . . . [in] the community in which the district court sits." *Tollet v. City of Kenmah*, 285 F.3d 357, 368 (5th Cir. 2002) (quoting *Scham v. Dist. Cts. Trying Criminal Cases,* 148 F.3d 554, 558 (5th Cir. 1998)).

Braziel has 22 years of experience. Decl. of J. Derek Braziel in Supp. of Pl.'s Appl. for Award of Attorneys' Fees and Costs, ¶15 [33-2] ("Braziel Decl."). The median rate for an attorney with 21 to 25 years of experience in the Dallas-Fort Worth area is $300.00 per hour. Nils Greger Olsson, *2015 Hourly Rate Fact Sheet*, State Bar of Texas (August, 2016) https://www.texasbar.com (search "hourly fact sheet;" then follow "Attorney Statistical Profile (2006-07) hyperlink). He was most recently allowed a rate of $350.00 per hour. *Rodriguez v. Mech. Tech. Servs., Inc.*, 2015 WL 8362931 (W.D. Tex. Dec. 8, 2015). This Court follows suit, and uses $350.00 per hour as a reasonable rate for Braziel.

Forester has three years of experience. Braziel Decl. ¶15. The median rate for a lawyer at his level in this area is $250.00 per hour. Olsson, *supra*. He was recently allowed precisely such a rate. *Rodriguez*, 2015 WL 8362931 (W.D. Tex. Dec. 8, 2015). Accordingly, the Court holds that Forester's reasonable rate is $250.00 per hour.

Gasper worked on this case as both a law clerk and a first year associate. The median for a first year associate in the Northern District of Texas is $217.00 per hour. Olsson, *supra*. The Court thus uses $217.00 per hour as a reasonable rate for Gasper's work as a first year associate. Leal states that Gasper's rate as a law clerk was $195.00 per hour. Braziel

Decl. ¶17. Yet, none of the affidavits or declarations produced suggest that $195 per hour—or any rate, for that matter — is reasonable for a law clerk. Accordingly, the Court declines recovery for work done by Gasper as a law clerk. *Hensley*, 461 U.S. at 433 (holding "where the documentation of hours is inadequate, the district court may reduce the award accordingly").

**2. Reasonable Number of Hours.** – Leal argues that 155.75 hours is a reasonable amount to use for a lodestar: 9.00 hours for Braziel, 12.50 hours for Forester, 126.45 hours for Gasper as an associate, and 7.80 hours for Gasper as a law clerk.[1] Braziel Decl. ¶17. The Court disagrees.

To begin, it is important to emphasize that this was a straightforward FLSA case. It reached resolution with a rather modest $7,000.00 settlement. It did not present groundbreaking, challenging issues, or require counsel to sift through mountains of documents. It had no depositions, no hearings, no pre-trial or trial appearances, and very minimal discovery. And whereas All City's counsel required just 52.30 hours to take the case from start to finish, Leal's counsel billed well over a hundred. Def.'s Resp. to Pl.'s Appl. for Award of Attorneys' Fees and Costs, ¶51 [35] ("Resp.").

While the Court recognizes that comparing the hours spent by opposing counsel "does not necessarily indicate whether the hours expended by the party seeking fees were excessive," *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1151 (9th Cir. 2001) (citing

---

[1] For the reasons stated above, the Court does not allow recovery for the time attributed to Gasper as a law clerk. The Court thus subtracts 7.80 hours from Leal's amount, bringing the purported reasonable amount of hours to 147.95.

*Johnson v. Univ. Coll. of the Univ. of Ala. in Birmingham*, 706 F.2d 1205, 1208 (11th Cir. 1983)), the Court sees no explanation that reasonably justifies why Leal's counsel required nearly three times as many hours as All-City's counsel to handle this simple dispute. In response, Leal notes that Gasper, a first-year associate, handled the "vast majority" of the work. Pl.'s Reply in Supp. of Pl.'s Appl. for Award of Attorneys' Fees and Costs, 6 [37] ("Reply"). This very well may explain why some tasks would take slightly longer for Leal's counsel, but it does not explain the vast discrepancy in the hours expended here.

Leal's counsel's billing records are rife with examples of Leal's counsel duplicating work and taking excessively long to complete simple tasks.[2] Having a first-year associate do the heavy lifting in a case does not make gross inefficiencies reasonable. Accordingly, the Court holds that 147.95 hours was unreasonably long to spend on this dispute, and that using All-City's counsel's amount of hours as a benchmark for what is reasonable is justified. Thus, the Court uses 52.30 hours as a reasonable amount of hours for the purposes of calculating the lodestar.

***3. Calculating the lodestar.*** – 85.50% of the 147.95 hours reported by Leal's counsel are attributed to Gasper's work as an associate; the other 14.50% are attributed to Forester

---

[2] A non-exhaustive list of examples includes: (1) Leal's counsel spending 18.02 hours on a damage calculation that required nothing more than multiplying the number of days Leal worked by his rate, Braziel Decl., Attach. 1; (2) Leal's counsel spending 21.50 hours on a motion to strike, *Id.*, compared to All-City's counsel's 2.90 hours, Resp., at ¶36; (3) Leal's counsel spending 5.46 hours on basic initial disclosures, Braziel Decl., Attach. 1, compared to All-City's counsel's 0.60 hours, Resp., at ¶36; (4) Leal's Counsel spending 5.21 hours drafting and revising a notice of mediation that did not advance the merits of the case, Braziel Decl., Attach. 1; and (5) Braziel and Forester routinely duplicating their supervision of Gasper's work, *Id*.

and Braziel's work supervising. Using these proportions, the Court calculates the following lodestar:[3]

- Reasonable supervisory rate (Braziel and Forester): ($350.00 + $225.00)/2 = $287.50.

- Reasonable supervisory hours (Braziel and Forester): 0.145 X 52.3 = 7.58.

- Lodestar for supervisory work: $287.50 X 7.58 = *$2,179.25*.

- Reasonable associate rate (Gasper): $217.00.

- Amount of reasonable associate hours (Gasper): 0.885 X 52.3 = 44.71.

- Lodestar for associate work: 44.71 X $217.00 = *$9,703.48*.

- Total lodestar: $9,703.48 + $2,179.25 = **$11,882.73**.

### B. *The Johnson Factors Justify a Further Reduction*

Leal contends that the Court committed two manifest errors with respect to its *Johnson* analysis. First, Leal argues that the Court wrongly concluded that $3,500.00 of the settlement agreement was paid to Leal's counsel. Pl.'s Reply in Supp. of Mot. for Recons., 5 [52] ("Recons. Reply"). The Court disagrees. The parties settled for $7,000.00. The settlement stipulated that the payment would be made in two separate checks: one in the amount of $3,500.00 made out to Leal as a payroll check, another in the amount of $3,500.00 made out to Leal's counsel. That Leal's counsel very well may have subsequently given $3,500.00 to Leal (perhaps because, as Leal suggests, he "needed money prior to settlement

---

[3] Because Forester and Braziel worked as supervisors of Gasper, and much of their work was duplicative, the Court uses the average of their reasonable rates when calculating the lodestar.

funds coming in," *Id.* at 6), does not mean that the settlement failed to include an agreement on fees. Yet, as shown below, even if Leal were correct on this point, it doesn't change the outcome of this Court's previous analysis.

Second, Leal suggests that the Court committed a material error of law by failing to award costs to Plaintiff. *Id.* at 3. The relevant statutory language states that a prevailing party in a civil action is entitled to recover its costs unless the court otherwise directs. Fed. R. Civ. P. 54(d). Leal insists that the settlement makes him a prevailing party. The Court disagrees. In determining whether a party has prevailed for the purposes of awarding costs, "the proper focus is whether the plaintiff has been successful on the central issue as exhibited by the fact that he has acquired the primary relief sought." *Taylor v. Sterrett*, 640 F.2d 663, 669 (5th Cir. 1981). Leal claimed damages of $14,383.88 in his initial disclosures. Even accepting Leal's contention that the full $7,000.00 from the settlement was paid to him, he still recovered under 50% of the judgment he wanted — a far cry from acquiring the primary relief sought. Leal is thus not a prevailing party. Even if he were, the Court would deny costs because the parties already settled and the settlement agreement included an amount for Leal's counsel.

Accordingly, the Court holds that the *Johnson* analysis articulated in the Court's previous order [49] still applies:

> (1) <u>The time and labor required to litigate the case</u>: the case settled at mediation and did not require an inordinate amount of time or labor.

(2) <u>The novelty and difficulty of the questions involved</u>: this was a standard FLSA overtime case that did not involve novel or difficult questions.

(3) <u>The skill required to perform the legal services properly</u>: Leal concedes that litigating the case required average skill. *See* Reply, 8.

(4) <u>Whether taking the case precluded the attorney from other employment</u>: Leal does not identify any specific employment from which his attorneys were precluded due to their acceptance of this case.

(5) <u>Whether the fee is fixed or contingent</u>: Leal claims that his attorneys accepted the case on a contingent fee basis, but has failed to produce the underlying contingency agreement.

(6) <u>The amount involved and the results obtained</u>: Leal asserts that he recovered more than 100% of his possible damages. But, even assuming Leal indeed recovered the entire settlement, he still only gained $7,000.00, less than 50% of the $14,383.88 in total damages alleged in his initial disclosures. Leal indicated for the first time in his fee application that his total damages were actually $5,806.50. But Leal never supplemented his initial disclosures with an amended damages calculation as required by Federal Rule of Civil Procedure 26(e). The Court will not reward Leal's failure to comply with his discovery obligations.

(7) <u>The experience, reputation, and ability of the attorneys</u>: A first-year attorney billed the vast majority of the hours for which Leal now seeks fees.

(8) <u>The "undesirability" of the case</u>: The case was not undesirable.

See *Johnson*, 488 F.2d at 717–19 (5th Cir. 1974) (enumerating relevant factors). Based on an adjusted lodestar calculation, and the relevant *Johnson* factors, the Court holds that a fee award of $7,000.00 is in order. For the reasons stated above, the Court denies costs.

## CONCLUSION

The Court grants Leal's motion for reconsideration in part, but maintains its award of $7,000.00 to Leal in attorneys' fees and $0.00 in costs.

Signed October 10, 2018.

_David C. Godbey_
David C. Godbey
United States District Judge